**UNITED STATES of America,**

v.

**Atal BASHAR, Defendant.**

**Case No. 1:13–CR–372 (GBL).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed March 13, 2014.

Ronald L. Walutes, Jr., United States Attorney's Office, Alexandria, VA, for United States of America.

Whitney E.C. Minter, Office of the Federal Public Defender, Alexandria, VA, for Defendant.

## *ORDER*

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on the Government's Motion to Exclude Time (Doc. 43). On January 17, 2014, the Court issued an Order declaring Defendant Atal Bashar not competent to stand trial and committing Defendant to the custody of the Attorney General for hospitalization. As of the filing of this Order, Defendant remains in Virginia, awaiting transportation to Federal Medical Center–Butner ("FMC Butner") in Butner, North Carolina, to begin his court-ordered hospitalization. In its Motion, the Government asserts that the reason for the delay is a lack of available bed space at FMC Butner. The Government now seeks to exclude the delay from calculation of Defendant's speedy-trial clock.

The issue before the Court is whether the delay is a transportation delay under 18 U.S.C. § 3161(h)(1)(F) "resulting from transportation of [the] defendant ... to and from places of examination or hospitalization" or an incompetence delay under 18 U.S.C. § 3161(h)(4) "resulting from the fact that the defendant is mentally incompetent[.]" If the delay is a transportation delay, only 10 days are automatically excludable. If the delay is an incompetence delay, the full length of the delay is automatically excludable.

The Court holds that the delay is an incompetence delay, not a transportation delay, for three reasons: (i) the delay did not involve Defendant's actual transportation to FMC Butner, (ii) the January 17 Order directed hospitalization but not transportation of Defendant, and (iii) the delay occurred after the January 17 Order finding Defendant not competent to stand trial. Therefore, the delay results from the fact of Defendant's mental incompetence, not from issues with Defendant's transportation, and is automatically excludable, without time limit, per § 3161(h)(4). The Court **GRANTS** the Government's Motion to Exclude Time and excludes all of the time incurred waiting for a bed space at FMC Butner.

## I. BACKGROUND

On September 6, 2013, the Government filed a sealed complaint charging Defendant Atal Bashar with one count of possession of an explosive device. (Doc. 1.) Defendant was arrested on September 9, 2013, and made his initial appearance before United States Magistrate Judge John F. Anderson later that day. (Docs. 8, 9.) Judge Anderson held a detention hearing on September 11, 2013, and ordered Defendant detained pending trial on the grounds that he was a danger to the community and posed a flight risk. (Docs. 11, 12.)

On September 26, 2013, the Government filed an indictment charging Defendant with the original count of possession of an explosive device and two additional counts of making a destructive device and felon in possession. (Doc. 13.)

On January 10, 2014, Defendant filed a sealed motion asking the Court to declare Defendant mentally incompetent and submit Defendant to the custody of the Attorney General for hospitalization. (Doc. 37.) The Court held a hearing on Defendant's competence on January 17, 2014. (Doc. 38.) On the basis of that hearing, the Court granted Defendant's motion and issued an order declaring Defendant mentally incompetent and committing him to the custody of the Attorney General for a reasonable period of hospitalization. (Doc. 39.)

In its Motion, the Government represents that it contacted the United States Marshals Service about the timeliness of Defendant's transportation to FMC Butner, Defendant's place of designation. (Doc. 43, ¶ 4.) The Marshalls Service informed the Government that Defendant could not be moved because of a lack of available bed space at the treatment facility. (*Id.*) The Government further represents that it contacted the Federal Bureau of Prisons about the anticipated wait time and that a delay of six to seven weeks for a bed space was likely. (*Id.*)

## II. ANALYSIS

The Court holds that the delay incurred while Defendant waits for a bed space is automatically excludable, without time limit, because the delay "result[s] from the fact that the defendant is mentally incompetent or physically unable to stand trial." *See* 18 U.S.C. § 3161(h)(4).

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of his indictment or initial appearance, whichever is later. *Id.* § 3161(c)(1). If the defendant is not brought to trial within seventy days, the court must dismiss the indictment on the motion of the defendant. *See id.* § 3162(a)(2).

Although the Act requires a trial within seventy days, the Act also excludes certain periods of time from the seventy-day clock. Two statutory exclusions are relevant here. The transportation exclusion is for delay "resulting from transportation of [the] defendant ... to and from places of examination or hospitalization." *Id.* § 3161(h)(1)(F). Crucially, only the first ten days of a transportation delay are automatically excludable because "any time consumed in excess of ten days from the date [of] an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." *Id.* Unreasonable delay under § 3161(h)(1)(F) may not be tolled. The other relevant exclusion is for delay "resulting from the fact that the defendant is mentally incompetent[.]" *Id.* § 3161(h)(4). The full length of an incompetence delay is automatically excludable because the statute contains no time limit on the length of such a delay.

Defendant argues that the delay in this case is a transportation delay because the January 17 Order directed Defendant to be transported to a medical facility and § 3161(h)(1)(F) refers explicitly to the period following issuance of a transportation order. (Doc. 44, at 2.) The Government argues that the delay is an incompetence delay because the January 17 Order declared Defendant mentally incompetent and § 3161(h)(4) refers explicitly to periods of mental incompetence. (Doc. 45, ¶ 2.)

Ultimately, the Court holds the delay is an incompetence delay, not a transportation delay. Therefore, the full length of the delay is automatically excludable. The Court reaches this conclusion for three reasons: (i) the delay did not involve the actual transportation of Defendant to FMC Butner but a lack of available bed

space at FMC Butner, (ii) the January 17 Order directed hospitalization but not transportation of Defendant and thus was not an "order directing . . . transportation" as § 3161(h)(1)(F) requires, and (iii) the delay occurred *after* the Court found Defendant not competent to stand trial and thus results from Defendant's mental incompetence as § 3161(h)(4) requires.

Section 3161(h)(1)(F) refers to delays that occur in the transportation of a defendant to and from places of hospitalization. Here, the delay in Defendant reaching FMC Butner was occasioned not by issues with the Marshals' transportation of Defendant but by issues with FMC Butner's ability to house Defendant. As the Ninth Circuit has noted, Congress enacted the ten-day transportation rule with the "intent not to permit additional delays to accommodate the *marshals*" in their transportation of prisoners. *United States v. Taylor*, 821 F.2d 1377, 1384 n. 10 (9th Cir.1987) (emphasis added), *rev'd on other grounds*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). The ten-day transportation rule does not restrict the accommodation of medical facilities hampered by limited bed space.

Additionally, Defendant's argument is based on the assumption that the January 17 Order was an "order directing . . . transportation" per § 1361(h)(1)(F). This assumption is belied by a plain reading of the Order. By its terms, the January 17 Order ordered "that the Defendant remain in the custody of the Attorney General at a Bureau of Prisons medical facility for a reasonable period of time" and that the "ten (10) days prior to [Defendant's] arrival at said facility" be excluded from the speedy-trial clock. (Doc. 39, at 2–3.) The January 17 Order did not include a mandate to the Marshalls Service that it transport Defendant to FMC Butner or any other medical facility.

This distinction is a distinction with a difference because § 3161(h)(1)(F) specifies the time period it controls: the period "from the date [of] . . . an order directing such transportation, and the defendant's arrival at the destination[.]" Put another way, § 3161(h)(1)(F) establishes that no more than 10 days should elapse between the issuance of an order directing transportation and the defendant's arrival at the destination. Should more than 10 days elapse, the additional days are presumptively unreasonable and counted against the defendant's speedy-trial clock if the presumption is not rebutted.

Because the January 17 Order did not direct Defendant's transportation, it follows that § 3161(h)(1)(F) cannot govern the time following its issuance. *See United States v. Turner*, 602 F.3d 778, 784–85 (6th Cir.2010) (noting that the 10–day transportation rule had been triggered where the "[district] court's order covered evaluation *and* transportation, which satisfies the requirement of an 'order directing . . . transportation'"); *United States v. Garrett*, 45 F.3d 1135, 1139 (7th Cir.1995) (noting that inquiry into the triggering of § 3161(h)(1)(F) "begins by looking for the order or orders that authorized [the defendant]'s return to the district court, since the statute marks the ten day period for transportation 'from the date [of] an order directing . . . transportation'" (quoting § 3161(h)(1)(F))). Section 3161(h)(1)(F) only governs the time after an order directing transportation has been issued, or in the absence of an order, the time after "the defendant [has been] authorized for transportation by the appropriate prison official," *Garrett*, 45 F.3d at 1140.

Having ruled out the possibility of a transportation delay, it becomes clear that the delay stems from the fact that Defendant is mentally incompetent, as the January 17 Order declared. For these reasons,

the Court **GRANTS** the Government's Motion to Exclude Time and excludes the delay incurred while Defendant waits for a bed space at FMC Butner.

**IT IS SO ORDERED.**